**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRY L. CHAMBERS, SR.,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| | § | **CASE NO. 3:25-CV-3455-N-BK** |
| **NORTH TEXAS HEALTHCARE** | § | |
| **LAUNDRY ASSOCIATION,** | § | |
| **DEFENDANT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Before the Court is *Defendant's 12(b)(6) Partial Motion to Dismiss,* Doc. 7. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Terry L. Chambers, Sr. ("Plaintiff"), proceeding *pro se*, brings this civil action against his former employer, the North Texas Healthcare Laundry Association ("NTHCL"), asserting claims for discrimination under Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code ("TCHRA"), as well as various common law claims.

Plaintiff alleges that, during his employment with NTHCL, "he witnessed [NTHCL] constantly engaged in discriminatory practices." Doc. 3 at 8. Plaintiff alleges that these practices included "repeatedly placing [him] in undesirable situations to coerce [him] into resigning without severance pay or other benefits normally due." Doc. 3 at 8. He further alleges that NTHCL subjected him to workplace harassment, including racial comments, slurs, and taunting by a supervisor. Doc. 3 at 8.

Plaintiff alleges that "in or around October 25, 2023," he filed a grievance against NTHCL with his general manager, which charged NTHCL with "discriminatory practice[s], unequal terms and conditions of employment, harassment, retaliation, and vindictiveness." Doc. 3 at 8. Plaintiff further alleges that NTHCL violated company policy by failing to address or take any action regarding the charges brought in his grievance. Doc. 3 at 8. Plaintiff asserts that NTHCL subsequently terminated his employment, which he believes was in retaliation for his filing a "report" with the Equal Employment Opportunity Comission" ("EEOC"). Doc. 8 at 3.

Based on these allegations, Plaintiff asserts nine causes of action against NTHCL, including: (1) race discrimination; (2) breach of company employment policy; (3) intentional infliction of emotional distress ("IIED"); (4) negligent infliction of emotional distress; (5) retaliation in violation of company policy; (6) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (7) breach of the covenant of good faith and fair treatment; (8) harassment; and (9) wrongful termination. Doc. 3 at 7.

NTHCL now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's non-statutory claims for breach of company employment policy, retaliation in violation of company policy, breach of the covenant of good faith and fair treatment, and intentional and negligent infliction of emotional distress. Doc. 8 at 1. Plaintiff has neither responded to the motion within the time contemplated by the Court's Local Rules, nor sought an extension of time to do so. *See* N.D. TEX. LOC. CIV. R. 7.1(e) (setting a 21-day deadline for filing a response to an opposed motion).

## II. Applicable Law

A plaintiff fails to state a claim under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). But the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (cleaned up). To survive a Rule 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion, the court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up).

## III. Analysis

NTHCL moves to dismiss Plaintiff's claims for emotional distress, breach of company employment policy, retaliation in violation of company policy, and breach of the covenant of good faith and fair treatment, on grounds that they are either preempted by Title VII and the

TCHRA or, alternatively, fail to state plausible claims for relief. Doc. 8 at 2. The Court addresses each of these claims in turn.

**A. Emotional Distress Claims**

First, NTHCL argues that Plaintiff's IIED claim is preempted because it arises from alleged misconduct that is already redressable under Title VII and the TCHRA. Doc. 8 at 3-4. The Court agrees.

Under Texas law, IIED is a "gap-filler" tort available only when a plaintiff "has no other recognized theory of redress." *Miller v. Target Corp.*, 854 Fed. App'x. 567, 569 (5th Cir. 2021) (citing *Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). Accordingly, when "the gravamen of a plaintiff's complaint is the type of wrong that [a] statutory remedy was meant to cover," an IIED claim is unavailable, regardless of whether the plaintiff asserts or ultimately prevails on the statutory claim. *Zeltwanger*, 144 S.W.3d at 448. Because Title VII and the TCHRA afford statutory remedies for workplace discrimination, retaliation, and harassment, courts have consistently held that IIED claims based on the same alleged conduct are barred. *Jones v. Driver Pipeline*, No. 3:25-cv-121, 2025 WL 1908301, at *4 (N.D. Tex. July 10, 2025) (Boyle, J.) (holding IIED claim was preempted where it arose from allegations of sexual harassment and discrimination, the same type of conduct Title VII and the TCHRA were intended to address); *Tillison v. Trinity Valley Elec. Co-op., Inc.,* No. 3:03-cv-2490, 2005 WL 292423, *2 (N.D. Tex. Feb. 7, 2005) (Fitzwater, J.) (holding that plaintiff could not pursue IIED claim based on conduct already "cognizable under federal anti-discrimination statutes.").

Here, Plaintiff's IIED claim rests on the same alleged discrimination, harassment, and retaliation on which his Title VII and TCHRA claims are also premised. *See* Doc. 3 at 8-10.

Indeed, the only allegation unique to the IIED claim is that NTHCL subjected him to "discriminati[on], retaliation, and harassment" with the intent to cause severe emotional distress. *See* Doc. 3 at 10. Because the "gravamen" of the IIED claim is conduct for which Title VII and the TCHRA provide statutory remedies, the claim is preempted and should be dismissed. *Jones*, 2025 WL 1908301, at *4; *see also Garza v. AAA Cooper Transp.*, No. 5:20-cv-1, 2020 WL 10867683, at *3 (S.D. Tex. Aug. 6, 2020) (Saldaña, J.) (holding that a plaintiff's IIED claim was preempted because there were "no other facts, unrelated to sexual harassment," that supported the claim) (citations omitted).

Plaintiff's negligent infliction of emotional distress claim fares no better. As NTHCL correctly points out, Texas law does not recognize a cause of action for "negligent infliction of emotional distress." *See Hagen v. Hagen*, 282 S.W.3d 899, 910 (Tex. 2009) (noting that negligent infliction of emotional distress "is not a valid claim" in Texas); *see also Martin v. Grehn*, 546 F. App'x 415, 421 (5th Cir. 2013) (stating that the tort of negligent infliction of emotional distress "does not exist in Texas"). Accordingly, because Plaintiff asserts a cause of action that is not cognizable under Texas law, his negligent infliction of emotional distress claim should likewise be dismissed for failure to state a claim upon which relief can be granted. *Starrett v. City of Richardson*, No. 3:18-cv-191-L, 2018 WL 4627133, at *12 (N.D. Tex. July 27, 2018) (Ramirez, J.), *rep. and rec. adopted*, 2018 WL 3802038 (N.D. Tex. Aug. 10, 2018) (Lindsay, J.).

**B. Company Policy Claims**

NTHCL next argues that Plaintiff's breach of company policy and company policy retaliation claims fail as a matter of law because Plaintiff has not plausibly alleged either the

existence of a valid contract or breach of any contractual duty. Doc. 8 at 5-6. Alternatively, NTHCL contends that both claims are preempted because they arise from the same conduct underlying Plaintiff's statutory claims. Doc. 8 at 7-8. Because the Court concludes that Plaintiff fails to state a contractual claim, it need not reach NTHCL's alternative preemption argument.

Under Texas law, employment is presumed to be at will. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 862 (5th Cir. 1999) (citing *Montgomery Cnty. Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex. 1998). Thus, "absent a specific agreement to the contrary," either the employer or the employee may terminate the at-will relationship "for good cause, bad cause, or no cause at all." *Montgomery Cnty.*, 965 S.W.2d at 502. The employee bears the burden of demonstrating that the at-will relationship was modified. *Bennett v. Tarrant Cnty. Coll. Dist.*, No. 3:22-cv-289, 2023 WL 1805215, at *7 (N.D. Tex. Feb. 7, 2023) (Boyle, J.).

"[A]s a general rule, employee handbooks and policy manuals constitute general guidelines in the employment relationship and do not create implied contracts . . . that alter the at-will relationship." *Adams v. Mut. Of Omaha Ins.*, No. 3:13-cv-4881, 2014 WL 1386563, at *4 (N.D. Tex. Apr. 9, 2014) (Fitzwater, C.J.) (internal quotations and citation omitted); *see also Parviz-Khyavi v. Alcon Lab'ys, Inc.*, 395 S.W.3d 376, 382 (Tex. App.—Dallas 2013, pet. denied) ("An employee handbook . . . does not create property interests in stated benefits and policies unless some specific agreement, statute, or rule creates such interest). Instead, to create contractual rights, an employment policy must "contain an explicit contractual term altering the at-will relationship, and must alter that relationship in a meaningful and special way." *Zenor*, 176 F.3d at 862 (internal quotations and citations omitted).

Here, Plaintiff alleges that NTHCL "breach[ed] company policy by not addressing or taking any action regarding [the] charges brought in [Plaintiff's] grievance" and "retaliated against [him] pursuant to NTHCL employee handbook, page 1." Doc. 3 at 8. Plaintiff, however, does not provide the terms of any company policy or handbook provision that NTCHL allegedly breached. Nor does he identify any language demonstrating contractual intent or an express agreement altering the at-will relationship in a meaningful way. *Zenor*, 176 F.3d at 862. Absent these facts, Plaintiff fails to plausibly allege the existence of an enforceable contract or any related obligation. *See, e.g., Budri v. FirstFleet Inc.,* No. 3:19-cv-409, 2019 WL 5587181, at *19 (N.D. Tex. Sept. 20, 2019) (Ramirez, J.), *rep. & rec. adopted,* 2019 WL 5579971 (N.D. Tex. Oct. 29, 2019) (holding employee failed to state breach of contract claim where he alleged a general failure to follow "company regulations and policies" but did not identify any contract or provision allegedly breached); *Adams*, 2014 WL 1386563, at *4 (dismissing breach of contract claim where employee failed to allege the existence of any rule or policy that expressly and meaningfully limited the at-will relationship). Accordingly, Plaintiff's breach of contract claim, as well as his retaliation claim premised on an alleged violation of company policy, should be dismissed for failure to state a claim.

**C. Good Faith and Fair Treatment Claim**

Finally, NTHCL moves to dismiss Plaintiff's claim for breach of the "covenant of good faith and fair treatment," which it construes as brought under the common law doctrine of good faith and fair dealing. Doc. 8 at 8 n. 1. NTHCL argues that this claim fails as a matter of law because Texas law does not recognize a duty of good faith and fair dealing "in the context of an employer/employee relationship." Doc. 8 at 8. NTHCL is correct.

Under Texas law, "there is no general duty of good faith and fair dealing in ordinary, arms-length commercial transactions[.]" *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F.Supp. 2d 842, 855 (N.D. Tex. 2006). "Though there are a limited number of circumstances where a plaintiff may assert a special relationship justifying imposing a duty of good faith and fair dealing, the Texas Supreme Court has expressly held 'that there is no duty of good faith and fair dealing in the employment context.'" *Budri*, 2019 WL 5587181, at *20 (quoting *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000)). Because statutory protections regulating employment relationships already exist in the Texas Labor Code, courts routinely decline to impose duties of good faith and fair dealing on employers. *See O'Bryant*, 18 S.W.3d at 216 (explaining that recognizing such a duty would subvert statutory schemes "by allowing employees to make an end-run around" specific statutory procedures and remedies); *see also Becker v. Nat'l Educ. Training Grp., Inc.*, No. 3:01-cv-1187, 2002 WL 31255021, at *5 (N.D. Tex. Oct. 7, 2002) (Lynn, J.) (granting summary judgment for employer where at-will employee could not assert a claim for breach of the duty of good faith and fair dealing because doing so would "completely alter the nature of the at-will employment relationship.").

As explained above, Plaintiff has not rebutted the presumption that he was an at-will employee, nor has he identified any contract, policy, or handbook provision imposing a duty of good faith and fair dealing on NTHCL. Moreover, his good faith and fair treatment claim rests on the same actions that form the basis of his Title VII and TCHRA claims. *See* Doc. 3 at 8 (alleging that NTHCL breached the covenant of good faith and fair treatment by "repeatedly placing [P]laintiff in undesirable situations to coerce [him] into resigning without severance pay or other benefits normally due."). Because such allegations are already addressed by these

statutory schemes, Plaintiff fails to state a plausible claim for breach of the covenant of good faith and fair dealing. Accordingly, NTHCL's motion should be granted as to this claim.

## IV. Leave to Amend

When a court dismisses a *pro se* plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). However, leave to amend is not required if the plaintiff has already pleaded their "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Plaintiff has neither sought leave to amend nor otherwise defended his claims in response to the deficiencies identified in Defendant's motion. Further, as outlined above, Plaintiff's emotional distress, good faith and fair dealing, and company policy claims are fatally infirm and, thus, not curable by amendment. Under these circumstances, the Court concludes that allowing amendment *sua sponte* would be futile and would result in needless delay.

## V. Conclusion

For the foregoing reasons, *Defendant's 12(b)(6) Partial Motion to Dismiss,* Doc. 7, should be **GRANTED**, and Plaintiff's claims for breach of company employment policy, retaliation in violation of company policy, breach of the covenant of good faith and fair treatment, intentional infliction of emotional distress, and negligent infliction of emotional distress should be **DISMISSED WITH PREJUDICE**. *See Starrett*, 2018 WL 4627133, at *15 (dismissing with prejudice plaintiff's claims that were not recognized under state law) (citing *Hart*, 199 F.3d at 247 n.6); *c.f.*, *Normore v. Dallas Indep. Sch. Dist*., 3:18-CV-2506, 2019 WL

2189258, at *3 (N.D. Tex. May 21, 2019) (Godbey, J.) dismissing with prejudice a Title IX hostile work environment claim as preempted by Title VII).

**SO RECOMMENDED** on August 7, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).